

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

WALTER JACKSON

versus CIVIL ACTION NO. 06-1083
 JUDGE TOM STAGG
SHERIFF KENNETH BAILEY, ET AL.

---

### MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendants, Claiborne Parish Sheriff Kenneth Bailey ("Sheriff Bailey") and Nurse Rachel Robinson[1] ("Nurse Robinson") (hereinafter collectively referred to as "the defendants").[2] See Record Document 26.[3] For the reasons stated below, the defendants' motion for summary judgment is **GRANTED**.

---

[1] Nowhere in the defendants' briefs do defendants identify Nurse Robinson by her first name. She is, instead, repeated referred to as only "Nurse Robinson." Record Document 26.

[2] Other defendants have been previously dismissed pursuant to Local Rule 41.3W or Federal Rule of Civil Procedure 4(m). See Record Documents 9 and 20.

[3] The court notes that portions of the defendants' brief are *exact* replicas of a recent opinion issued by this court in another case, without any citation to such opinion whatsoever.

## I. BACKGROUND

On or about June 21, 2005, Walter Jackson ("Jackson") was an inmate at the Claiborne Parish Detention Center. On that date, he was assigned by the warden of the facility to wash school buses. He alleges that he was not provided a ladder to reach to roof of each bus, so he had to reach the roof by climbing up and down a the front hood of each bus. When climbing down, he fell off of one of the buses.

Jackson filed the instant suit under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights, including his Eighth Amendment right to be free from cruel and unusual punishment by demonstrating deliberate indifference to his medical needs. He also contends that the defendants were negligent in failing to provide reasonable medical care in violation of Louisiana Civil Code Article 2315. He further alleges that the inmates at the facility were not provided with proper equipment for washing the buses. Finally, he complains that these deprivations and violations of his constitutional rights were carried out pursuant to a custom and policy of the defendants. The defendants filed this motion for summary judgment, arguing that a constitutional or state law violation has not been established and that the case should therefore be dismissed.

## II. LAW AND ANALYSIS

A.  **Summary Judgment.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004)(citations and quotations omitted). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary

judgment should be granted. See Boudreaux v. Swift Transp. Co.,402 F.3d 536, 540 (5th Cir. 2005).

**B.      Jackson's Failure To Respond To The Defendants' Motion For Summary Judgment.**

The defendants served on Jackson a copy of their motion for summary judgment on February 5, 2008. To date, Jackson has not responded.[4] Local Rule 7.5W requires a respondent opposing a motion to "file a response, including

---

[4]After the court had prepared this ruling, the plaintiff, on March 5, 2008, two weeks after the deadline for filing an opposition to the motion for summary judgment had expired, filed a motion for extension of time to file a response to the motion for summary judgment. See Record Document 29. The motion for extension of time does not in any way attempt to explain why the request was so late. Furthermore, the motion states that the "basis for the requested continuance are [sic] the pendency of discovery requests to defendants related to the issues raised by the motion for summary judgment." Id. The plaintiff then summarily concludes that because these discovery requests are outstanding, he requires an extension of time. In support of his argument, the plaintiff informs the court that the "initial set of Discovery requests including Interrogatories and Requests for Production of Documents were propounded on May 28, 2007" and that answers have yet to be received. However, from the record it appears that in the intervening nine months since the discovery requests, no motion to compel discovery has been filed to secure the production of the allegedly necessary information. In light of the lateness of the plaintiff's request for extension of time and the failure to make any attempts to secure the information by way of a motion to compel, the plaintiff cannot now legitimately seek an extension of time to file a response. Accordingly, his motion for extension of time (Record Document 29) is **DENIED**.

opposing affidavits, memorandum, and such supporting documents as are then available, within 15 days of service of the motion." Jackson failed to oppose the defendants' motion for summary judgment within the required fifteen day period. Federal Rule of Civil Procedure 56 states the following:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e). As discussed below, the court finds it appropriate to enter summary judgment against Jackson.

## C. Inadequate Medical Care.

Jackson alleges that the defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment by acting with deliberate indifference to his medical needs. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976). A violation of the Eighth Amendment is found if the plaintiff

proves "objective exposure to a substantial risk of serious harm" and that "prison officials acted or failed to act with deliberate indifference to that risk." Gobert v. Caldwell, 463 F.3d 339, 345 (5th Cir. 2006).

"Deliberate indifference is an extremely high standard to meet." Id. at 346. See e.g. Norton v. Dimazana, 122 F.3d 286 (5th Cir. 1997) (claim based on constant but unsuccessful treatment of serious prolapsed rectum condition dismissed as frivolous). It encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. See Farmer v. Brennan, 511 U.S. 825, 839-40, 114 S. Ct. 1970, 1980 (1994). Disagreement with the diagnostic measures or methods of treatment provided by prison officials does not state an Eighth Amendment claim for indifference to medical needs. See Norton, 122 F.3d at 292. Mere negligence in giving or failing to supply medical treatment will not support an action for deliberate indifference. See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

When the defendants became aware of any of Jackson's medical complaints, they provided him with medical treatment, ranging from treatment at the detention facility to treatment at Louisiana State University Health Sciences Center. He was

examined and evaluated by numerous doctors and nurses over twenty-five times during the time period from January 10, 2005, through May 19, 2006. See Record Document 26 at 10-11 (summary of medical records attached to motion for summary judgment). Jackson was provided professional medical treatment each time he requested medical attention and each time it appeared medical attention was necessary. Jackson has not provided any evidence that he ever requested medical care and was denied such. The records provided to the court by the defendants indicate the contrary showing; for example, each time Jackson filled out an inmate request form, he received a response the same day. See Record Document 26 at 10-11. In short, Jackson has not shown that the defendants at any time deprived him of medical care.[5] The defendants, in fact, did not deprive Jackson of medical care, but rather provided continuous medical treatment. Jackson has failed to establish an essential element of a claim for violation of Eighth Amendment rights: deliberate indifference.

---

[5] Additionally, an assertion that an inmate should have received *different* medical care does not meet the deliberate indifference standard, even if the evidence later supports such assertion. See Norton, 122 F.3d at 292. This is true even when the person accused of deliberate indifference is a physician and has been extensively trained regarding appropriate medical treatment. See Stewart, 174 F.3d at 534.

Jackson has not denied that he was treated repeatedly for his medical issues. He has submitted no evidence that prison personnel ever refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference, see Mendoza v. Lynaugh, 989 F.2d 191, 193-95 (5th Cir. 1993), and the summary judgment record is replete with examples of these. It is amply clear that the defendants were neither reckless nor deliberately indifferent to Jackson's medical needs. In fact, the record demonstrates quite the opposite. Because this court finds that Jackson has not raised genuine issues as to facts which would adequately support a conclusion of "deliberate indifference to serious medical needs," this claim against the defendants must be dismissed.[6]

---

[6] Furthermore, "[i]n order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995). "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Jackson has not presented evidence that Sheriff Bailey participated in any

**D.     Remaining Federal Law Claims.**

The remaining federal law claims are against Sheriff Bailey for failing to properly train his employees at the prison and for promulgating a policy or practice of violating the constitution.  See City of Canton, Ohio v. Harris, 489 U.S. 378, 387, 109 S.Ct. 1197, 1204 (1989).  However, a failure to train establishes liability "only where the failure to train amounts to deliberate indifference" and "reflects a deliberate or conscious choice" by the defendant.  Id. at 388-389; see also Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 415-416, 117 S.Ct. 1382, 1394 (1997).  Additionally, Jackson has presented no evidence of an unconstitutional custom or policy promulgated by Sheriff Bailey.  He has also failed to establish that Sheriff Bailey made a deliberate or conscious choice to disregard the constitutional rights of inmates in his custody.[7]  Therefore, as Jackson has not

---

alleged deprivation of constitutional rights--specifically, the denial of adequate medical care.

[7]As previously mentioned, Jackson alleges that he was not provided a ladder to work on the school bus. Not only is this not a constitutional violation, there is no evidence to show that either Sheriff Bailey or Nurse Robinson were personally involved in this alleged deprivation.

9

presented *any* evidence to support any of these causes of action against Sheriff Bailey, the claims against him should be dismissed.[8]

### E. Jackson's State Law Negligence Claim.

Finally, Jackson claims that the defendants committed actionable wrongful conduct under Louisiana Civil Code Article 2315 by negligently failing to provide him with adequate medical treatment. Louisiana state courts recognize a four-part duty/risk analysis test in determining whether a party is negligent under state law. See Mart v. Hill, 505 So.2d 1120, 1122 (La. 1987). Under the duty/risk analysis, a court determines (1) whether defendant owed plaintiff a duty of care, (2) whether defendant breached that duty of care, (3) whether the conduct in question was the cause in fact of plaintiff's injuries, and (4) whether the conduct in question was the proximate cause of plaintiff's injuries. See id.

---

[8]Any state law claim Jackson may have made in this regard parallels his federal law claims. Because Jackson has failed to establish the evidence necessary for a finding that his constitutional rights were violated under federal law, he has also failed to establish a claim under state law. Under state law, the defendants need only choose a reasonable course of action. See Mathieu v. Imperial Toy Corp., 646 So. 2d 318, 322 (La. 1994). As discussed above, the defendants actions were reasonable, therefore the state law claims are also dismissed.

10

In Louisiana, prison authorities owe a duty to inmates to provide them with "reasonable medical care." Harper v. Goodwin, 41,053, p. 6 (La. App. 2 Cir. 5/17/06); 930 So.2d 1160, 1163. Thus, the first element of the test is satisfied. However, Jackson fails to prove the second element of the test for negligence.

The defendants' actions in this case were reasonable. See Elsey v. Sheriff of the Parish of East Baton Rouge, 82-0938 (La. App. 1 Cir. 6/28/83); 435 So. 2d 1104 (court found that prison medical staff acted reasonably when inmate was not treated for asthma prior to a fatal asthma attack because he did not complain of any symptoms or exhibit any signs of respiratory distress). Jackson was examined numerous times by doctors and nurses. The record evidence indicates that he was promptly treated for the symptoms of which he complained and Jackson has not provided any evidence to the contrary. Because Jackson has not shown that the defendants breached the duty of reasonable care they owed him, the defendants are not negligent under state law.[9] This claim is therefore dismissed.

---

[9]To the extent Jackson asserts a state law claim for negligence regarding the alleged failure to provide a ladder, such claim is clearly not a constitutional violation. Furthermore, Louisiana Revised Statute 15:708(H) provides that a prisoner participating in an inmate labor program shall have no cause of action for damages for any injury arising out of participation in the program unless the injury was caused by an "intentional or grossly negligent act or omission." Jackson has

### III. CONCLUSION

Based on the foregoing analysis, the defendants' motion for summary judgment (Record Document 26) is **GRANTED**.[10]

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 11th day of March, 2008.



JUDGE TOM STAGG

---

provided *no* evidence of any such act or omission.

[10] In the instant case, based on the aforesaid summary judgment evidence, the court has determined that the facts alleged do not support the conclusion that the defendants violated Jackson's constitutional rights. However, had the defense of qualified immunity been necessary for the defendants, they would have been entitled to its use.